UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
                                 :
WENDY TRELLA                     :    Civ. No. 3:15CV01211(AWT)
                                 :
v.                               :
                                 :
WAL-MART STORES, INC., et al.    :    November 7, 2017
                                 :
---------------------------------x

## ORDER RE: MOTION FOR PROTECTIVE ORDER

On November 3, 2017, Dr. Stephen A. Eige filed a Motion for Protective Order, seeking an order delaying his deposition until after the resolution of two motions to remand to state court. [Doc. #87]. Defendants/Third Party Plaintiffs Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East I, L.P. (collectively, "Wal-Mart") have filed an objection to Dr. Eige's Motion for Protective Order, and Dr. Eige filed a reply. For the reasons set forth below, the Court **DENIES** Dr. Eige's Motion for Protective Order.

Plaintiff filed this action on July 23, 2015, in Connecticut Superior Court, alleging that she was injured in an accident at a Wal-Mart store. See Doc. #1 at 2.[1] On August 11, 2015, Wal-Mart removed the case to the United States District Court for the District of Connecticut. Id. at 4.

---

[1] References to page numbers of documents in the docket refer to the documents' ECF page numbers.

On June 6, 2016, Wal-Mart filed a Third Party Complaint against Middlesex Health System, Inc., d/b/a Middlesex Hospital ("Middlesex Hospital") alleging that on the date of the alleged accident at the Wal-Mart store, plaintiff fell off a hospital bed or gurney while receiving care at Middlesex Hospital. See Doc. #21 at 2. Wal-Mart alleges that Middlesex Hospital's negligence caused or contributed to plaintiff's injuries, and requests that Middlesex Hospital be held proportionally liable for any damages awarded to plaintiff. See id. at 3-4.

Middlesex Hospital and plaintiff have both filed motions to remand to state court, which remain pending. See Doc. ##64, 67. Plaintiff has also filed a medical malpractice claim against multiple defendants, including Middlesex Hospital and Dr. Eige, in Connecticut Superior Court. See Doc. #87 at 1.

In July 2017, Wal-Mart noticed the depositions of fact witnesses to the alleged fall at Middlesex Hospital, including Dr. Eige. See Doc. #80 at 2. Wal-Mart initially noticed Dr. Eige's deposition on July 5, 2017, for a deposition to occur on September 6, 2017. Id. At the request of counsel for Middlesex Hospital, and based on representations by counsel for Dr. Eige that he was unavailable, the September 6, 2017, deposition was postponed. See id. at 22-23. Counsel for Wal-Mart sent e-mails seeking other potential deposition dates on September 1, 18, and 27, 2017. Id. at 2-3.

On October 11, 2017, Wal-Mart re-noticed the deposition of Dr. Eige for Thursday, November 9, 2017. See Doc. #79 at 5. On that same date, Wal-Mart also filed a Motion to Compel Dr. Eige's deposition. See id. On November 2, 2017, having received no objection to Wal-Mart's motion, the Court granted Wal-Mart's Motion to Compel Dr. Eige's deposition. See Doc. #86. On November 3, 2017, Dr. Eige filed, for the first time, a Motion for Protective Order.

**I.   LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978)). "The party resisting discovery bears the

burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "That said, a court may issue a protective order only after the moving party demonstrates good cause." Joseph L. v. Conn. Dept of Children & Families, 225 F.R.D. 400, 402 (D. Conn. 2005); see also Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

"To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (internal quotation marks and citations omitted). Good cause exists when allowing the discovery sought will result in a "clearly defined and serious injury to the party seeking the protective order." Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 113 (D. Conn. 2014)(internal quotation marks and citations omitted). "Broad allegations of harm, unsubstantiated by specific

examples or articulated reasoning, are insufficient for a good cause showing." Id. (internal quotation marks and citations omitted).

Rule 26(c)(1) requires any motion for protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The Local Rules for the District of Connecticut further require:

> [C]ounsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

D. Conn. L. Civ. R. 37(a).

## II. DISCUSSION

### a. Failure to Comply with the Rules of Civil Procedure

Dr. Eige's Motion for Protective Order does not certify that his counsel has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, as required by Federal Rule 26(c)(1). No affidavit is provided certifying that counsel has discussed the discovery issues in a good faith effort to resolve the issue without the intervention of the Court, as required by Local Rule 37(a).

Failure to comply with the procedural requirements of Federal Rule 26(c)(1) and Local Rule 37(a) is sufficient grounds to deny a motion for protective order. See, e.g., John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 192 n.9 (S.D.N.Y. 2012)(holding that when a movant has not included a certification of a good faith effort to confer, the movant "does not meet the procedural prerequisites to obtain a protective order under Rule 26[]"). "A party may seek the assistance of the Court to resolve a discovery dispute only after he has complied with the provisions of Rule 37(a) of the Local Rules of Civil Procedure for the District of Connecticut." Stiggle v. Arnone, No. 3:13CV00238(JAM), 2014 WL 4230919, at *5 (D. Conn. Aug. 26, 2014). "As the [movant] has not complied with the Local Rules, the motion [for protective order] is DENIED." Rosenbaum v. Farr, No. 3:11CV1994(AVC)(TPS), 2013 WL 6860102, at *1 (D. Conn. Dec. 30, 2013).

The Court further notes that Dr. Eige waited until six days before the deposition to seek relief. Dr. Eige has been aware that this deposition was being sought since July 2017. The current deposition date was noticed almost four weeks ago. A motion to compel the deposition was filed, but Dr. Eige did not oppose it. Dr Eige did not file a Motion for Protective Order until November 3, 2017, after the Court issued its Order compelling his deposition. Given the Court's broad discretion

over protective orders, this conduct is also sufficient to deny the motion. See Dove, 963 F.2d 19 ("The grant and nature of protection is singularly within the discretion of the district court[.]"(internal quotation marks and citations omitted)).

**b. Good Cause**

Even if Dr. Eige had complied with the Federal and Local rules, and if he had filed this motion in a more timely fashion, the motion would be denied on the merits.

Dr. Eige bears the burden of establishing good cause for issuance of a protective order. Dr. Eige makes three arguments in support of his motion: (1) That waiting for a decision on the motions to remand may prevent the need for a second deposition in the state court malpractice case; (2) that his deposition is not relevant to this case; and (3) that requiring his deposition in this matter will prejudice his defense in state court. Dr. Eige provides no citations to any rules or case law to support his position.

As to his argument that delaying his deposition may prevent the need for a second deposition, Dr. Eige does not detail what additional expenses he will face, or how a second deposition would create an undue burden. Dr. Eige cites no authority to support the proposition that discovery in federal court should be postponed because of a separate, later-filed state court action.

As to relevance, Wal-Mart has filed a Third Party Complaint in this matter against Middlesex Hospital based on the alleged incident at Middlesex Hospital. Wal-Mart alleges that Dr. Eige witnessed that event, and his testimony thus is relevant to the claims of Wal-Mart's Third Party Complaint. See Fed. R. Evid. 401 (Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence.").

Finally, as to the possibility of prejudice in state court, Dr. Eige provides only "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[.]" Bernstein, 43 F. Supp. 3d at 113; see Doc. #87 at 2. As such, Dr. Eige has not shown good cause for the issuance of a protective order.

### c. Relief Sought

Finally, the Court notes that Dr. Eige seeks various forms of relief. In his Motion for Protective Order, Dr. Eige seeks an order delaying his deposition, or in the alternative an order "limiting inquiry of Dr. Eige at said deposition only as to his knowledge of plaintiff's claims for damages in the case at bar." Doc. #87 at 2. The motion does not propose clear parameters for such a limitation. This is precisely the sort of matter that the meet and confer requirements are meant to address. Without a more particularized request for relief, and absent any assertion that

Dr. Eige sought this relief from Wal-Mart's counsel before seeking Court intervention, the request is **DENIED**.

In Dr. Eige's reply to Wal-Mart's objection, he raises, for the first time, two additional requests for relief. He seeks to change the date, time, and location of his deposition, and to be compensated for his time at the rate of $750 an hour. Because these issues are raised for the first time in Dr. Eige's reply, the Court declines to consider them. See Corpes v. Walsh Constr. Co., 130 F. Supp. 3d 638, 644 (D. Conn. 2015).[2]

**III. Conclusion**

For the reasons set forth herein, the Motion for Protective Order [Doc. #87] is **DENIED. Dr. Eige shall appear for the duly-noticed deposition on Thursday, November 9, 2017.**

Dr. Eige is hereby advised that the Federal Rules of Civil Procedure provide: "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of

---

[2] The demand for payment of $750 an hour is not appropriate, even if it had been raised properly. Federal law sets the compensation payable to fact witnesses: "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. §1821(b). A treating doctor subpoenaed to testify as a fact witness, who has not been disclosed as an expert witness under Rule 26(a)(2), is entitled only to the statutory witness fee. See, e.g., In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig., MDL No. 2325, 2017 WL 1090029, at *2 (S.D.W. Va. Mar. 21, 2017) (collecting cases standing for this proposition); Garneau v. Paquin, No. 3:13CV00899(AVC), 2015 WL 3466833, at *3 (D. Conn. June 1, 2015) (concluding that a treating physician "is a lay witness and is entitled only to" the $40 per diem).

court." Fed. R. Civ. P. 37(b)(1). Other sanctions are also available. See Fed. R. Civ. P. 37(b)(2).

This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 7th day of November, 2017.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE